# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ELMER COTTON, | Case No. 2:10-cv-00492-RLH-PAL |
| Plaintiff, | **O R D E R** |
| vs. | (Motion to Dismiss, or for Summary Judgment–#5; Motion for Discovery–#11; Motion to Dismiss and Joinder–#13) |
| CITY OF LAS VEGAS, CLARK COUNTY TREASURER, UNKNOWN NAMED JOHN AND JANE DOES et al, | |
| Defendants. | |

Before the Court is Defendant City of Las Vegas's ("the City") **Motion to Dismiss, or in the alternative, Motion for Summary Judgment** (#5), filed April 28, 2010. The Court has also considered Plaintiff Elmer Cotton's Opposition (#9), filed May 20, 2010, and the City's Reply (#10), filed June 1, 2010.

Also before the Court is Cotton's **Motion for Discovery** (#11), filed June 9, 2010.

Also before the Court is Defendant Clark County Treasurer's **Motion to Dismiss and Joinder to City of Las Vegas' Motion to Dismiss** (#13), filed July 30, 2010.

### BACKGROUND

Plaintiff Elmer Cotton, who appears pro se, is the partial owner of property located at 512 Jackson Avenue in Las Vegas, Nevada. Prior to 2005, this property had three structures located on it: a front, a middle, and a rear building. In 2004, city inspectors determined that the

1

1  front and rear buildings presented a public nuisance and needed to be demolished.  Cotton alleges
2  that the City sent notice of the demolition to the address of a different partial owner of the property
3  and that he was therefore never properly notified of the planned demolition.  Sometime in 2005,
4  the City demolished the front and rear buildings on the property and then assessed an abatement
5  fee of $16,225.00 on Cotton for the cost of the demolition.  On April 20, 2005, the City held a
6  hearing regarding the abatement fee, after which it placed a lien on Cotton's property.  Cotton
7  alleges the City again sent notice of the hearing to a separate property owner, and thus failed to
8  properly notify Cotton of the hearing.
9          On February 14, 2007, Cotton filed suit in this Court against the City, alleging five
10  causes of action arising out of the demolition of his property: (1) trespass, (2) declaratory relief; (3)
11  waste; (4) taking of real property; and (5) taking of personal property.  On October 31, 2007, this
12  Court dismissed the lawsuit for failure to properly serve the City.  On March 12, 2010, the Clark
13  County Treasurer informed Cotton it would foreclose on the lien and sell the property if Cotton did
14  not pay the abatement fee prior to April 12.  On April 8, Cotton again filed suit in this Court, this
15  time against the City and the Clark County Treasurer, and alleged claims for  (1) violation of 42
16  U.S.C. § 1983 (failure to provide notice of the demolition); (2) violation of 42 U.S.C. § 1983
17  (failure to provide notice of the abatement fee hearing); and (3) injunctive relief.
18          After Cotton served the City, the City filed a Motion to Dismiss, or in the
19  alternative, Motion for Summary Judgment.  The Clark County Treasurer has also filed a separate
20  Motion to Dismiss and Joinder to City of Las Vegas' Motion to Dismiss.  Finally, Cotton has filed
21  a Motion for Discovery.  For the reasons discussed below, the Court grants Defendants' Motions
22  and denies Cotton's Motion as moot.
23  /
24  /
25  /
26  /

AO 72
(Rev. 8/82)

# DISCUSSION

The Court interprets Defendants' motions as motions for summary judgment.

## I.     Legal Standard

A court will grant summary judgment if "the pleadings, the discovery and disclosure materials on file, and any affidavits show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party, and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). In evaluating a motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982).

The movant bears the burden of showing that there are no genuine issues of material fact. *Id.* "In order to carry its burden of production, the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Once the movant satisfies the requirements of Rule 56, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256; *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986).

/

/

## II.     Analysis

### A.     The City/County Treasurer's Motion for Summary Judgment

Cotton brings three claims against Defendants, two of which arise out of 42 U.S.C. § 1983. First, Cotton alleges Defendants violated his federal due process rights under § 1983 when they failed to give notice of the proposed demolition. Cotton also alleges Defendants violated his due process rights by failing to properly notify him of the hearing regarding the abatement fee. Finally, Cotton asks for injunctive relief to prevent Defendants from foreclosing on the property to satisfy the abatement fee.

Defendants ask the Court to grant summary judgment because the applicable statute of limitations bars Cotton's claims. Because § 1983 does not provide a statute of limitations, federal courts apply the forum state's statute of limitations for personal injury claims when addressing whether a § 1983 claim is time-barred. *The Comm. Concerning Cmty. Improvement v. City of Modesto*, 583 F.3d 690, 701 n.4 (9th Cir. 2009). In Nevada, the statute of limitations for personal injury actions is two years. NRS 11.190(4)(e). Cotton's § 1983 claims are therefore barred by Nevada's statute of limitations if Cotton knew or should have known about the proposed demolition and the abatement fee two years before he filed suit in this Court. *See RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1058 (9th Cir. 2002) (statute of limitations begins to run when the plaintiff "know[s] or have reason to know of the injury that is the basis for [his] action"). The Court also notes that "it is well-established . . . that lack of legal sophistication or pro se status is not sufficient to justify tolling of the statute of limitations." *See Reid v. Sisto*, 2010 WL 1006486, *6 (citing *Roy v. Lampert*, 465 F.3d 964, 970 (9th Cir. 2006)).

The Court grants Defendants' motion for summary judgment on Cotton's first § 1983 claim because the record clearly indicates that Cotton knew of the demolition of his property two years prior to filing this lawsuit. In fact, Cotton has previously filed suit regarding this same issue: in 2007, Cotton filed a lawsuit in this Court in which he alleged that the demolition of his property violated his constitutional rights. Because Cotton knew of the demolition of the buildings

4

on his property in 2007, no reasonable juror could conclude that the two-year statute of limitations had not run when Cotton filed suit in April 2010. For this reason, the Court grants Defendants' motion for summary judgment on Cotton's first § 1983 claim.

Nevada's two-year statute of limitations also bars Cotton's § 1983 claim arising from Defendants' alleged failure to give proper notice regarding the abatement fee. After reviewing the evidence, the Court concludes that as a matter of law Cotton received constructive notice regarding the abatement fee placed on his property. In his Opposition to the City's Motion, Cotton attaches his property tax records from 2005 to 2010. (Dkt. #9, Opp'n Ex. 2.) The tax records for the fiscal year of 2006-2007 show an abatement fee of $21,640.90 (which includes interest and other fees) resulting from the demolition of Cotton's property. (*Id.* Ex. 2C.) The Court finds this tax record is sufficient to give Cotton constructive notice regarding his obligation to pay the abatement fee because as a property owner Cotton is responsible for paying annual taxes on his land. The fact that Cotton attaches his tax records from previous years and that he apparently paid all other annual property taxes further bolsters the conclusion that Cotton should have known of the abatement on his property. Thus, even if Defendants failed to notify Cotton of the abatement fee in 2005, the statute of limitations bars his second § 1983 claim because he knew or should have known about the fee no later than 2007—three year prior to the date he filed his second lawsuit. Accordingly, the Court grants Defendants' motion for summary judgment on Cotton's second § 1983 claim.[1]

Finally, the Court grants Defendants' motion for summary judgment on Cotton's request that the Court stop the foreclosure sale from moving forward. Because the Court grants Defendants' motion for summary judgment on Cotton's first two causes of action, Cotton is not entitled to the injunctive relief he seeks.

---

[1] Although he does not bring them as causes of action, Cotton makes passing reference to trespass and NRS 268.4122, which requires the City to give notice prior to collecting abatement fees. Nonetheless, even if Cotton had asserted claims for trespass and violation of NRS 268.4122, his claims would still be barred by the statute of limitations for the reasons stated in this order. *See* NRS 11.190(3)(a–b).

**B.     Motion for Discovery**

The Court denies Cotton's motion for discovery as moot because none of Cotton's claims survive Defendants' motion for summary judgment.

### CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that the City/County Treasurer's Motion to Dismiss, or for Summary Judgment (#5/#13) is GRANTED.

IT IS FURTHER ORDERED that Cotton's Motion for Discovery (#11) is DENIED as moot.

The Clerk of the Court is ordered to close this case.

Dated: August 4, 2010.

_____
ROGER L. HUNT
Chief United States District Judge