UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ELMER COTTON,  )<br>              )<br>         Plaintiff(s),  )<br>              )<br>    vs.       )<br>              )<br>CITY OF LAS VEGAS, *et al.*,  )<br>              )<br>         Defendant(s).  )<br>              ) | Case No. 2:10-cv-0492-RLH-PAL<br><br>**O R D E R**<br>(Motion to Reconsider–#22) |

Before the Court is Plaintiff's Motion for Reconsideration (#22, filed September 9, 2010). He seeks reconsideration of the Court's Order (#16) granting the Defendants' Motions to Dismiss or i/t/a for Summary Judgment. Inasmuch as Plaintiff has already filed a notice of appeal of the order in question, the Court perhaps does not have jurisdiction to address the motion for reconsideration. To keep the record clear, however, the Court will address the present motion and deny it.

Although not mentioned in any of the Federal Rules of Civil Procedure, motions for reconsideration may be brought under both Rules 59(e) and 60(b). "Under Rule 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

/ / / /

1         Under Rule 60(b), a court may relieve a party from a final judgment, order or proceeding only for: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the judgment. A motion for reconsideration is properly denied when it presents no arguments that were not already raised in its original motion. *See Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985).

        Motions for reconsideration are not "the proper vehicles for rehashing old arguments," *Resolution Trust Corp. v. Holmes*, 846 F.Supp. 1310, 1316 (S.D.Tex. 1994)(footnotes omitted), and are not "intended to give an unhappy litigant one additional chance to sway the judge." *Durkin v. Taylor*, 444 F.Supp. 879, 889 (E.D. Va. 1977).

        Plaintiff asserts that the Court erred in stating there were three buildings on the property and two demolished, when, in fact, there were two buildings on the property and only one demolished. That error, if it is in fact an error, is irrelevant to the Court's Order, which demonstrated, that Plaintiff had violated the statute of limitations and brought this action untimely. The rest of Plaintiff's motion is a rehashing of old arguments which are not relevant to the issue.

        IT IS THEREFORE ORDERED that Plaintiff's Motion for Reconsideration (#22) is DENIED.

        Dated: September 13, 2010.

_____
**Roger L. Hunt**
**Chief United States District Judge**